Filed 3/7/13  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070976 |
| v. | (Super. Ct. No. CRF10184) |
| JAMES ARCHIE EUGENE MOORE, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Archie Eugene Moore, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

Defendant hit his victim in the head with a wooden board, causing the victim to fall, and then kicked the victim in the head. The victim suffered cranial bleeding and was hospitalized for two weeks.

Medi-Cal covered the portion of the victim's medical bill totaling $13,777.38, but the victim was responsible for his share of medical costs in the amount of $90.

A jury found defendant guilty of assault with a deadly weapon and assault by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a).)[1] Defendant admitted allegations that he had a prior strike conviction (§§ 1170.12, subds. (b) & (c), 667, subds. (d) & (e)) and served two prior prison terms (§ 667.5). The trial court sentenced him to an aggregate of 12 years in state prison, ordered him to pay restitution to the victim in the amount of $90 and ordered him to pay restitution to Medi-Cal in the amount of $13,777.38. The trial court ordered that the restitution amounts would accrue 10 percent interest commencing on March 28, 2010, the date of the crime.

In an unpublished opinion, this court held that the sentence for assault by means of force likely to produce great bodily injury should have been stayed under section 654, that defendant should have been ordered to pay all restitution to the victim, not to Medi-Cal, and that interest could not begin accruing until the victim incurred a financial loss. This court remanded the case to the trial court. (*People v. Moore* (Oct. 17, 2011, C066575) [nonpub. opn.].)

On remand, the trial court stayed sentence on the conviction for assault by means of force likely to produce great bodily injury, sentenced defendant to 10 years in state prison, and ordered defendant to pay restitution to the victim in the amount of $13,777.38 plus the $90 originally imposed, along with a 10 percent collection fee and 10 percent

---

[1] Undesignated statutory references are to the Penal Code.

interest beginning November 1, 2010.  The trial court also imposed the previously ordered fines and fees and awarded 303 days of presentence custody credit (203 actual days and 100 conduct days).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

MAURO      , J.

We concur:

RAYE     , P. J.

HULL     , J.